**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEROME STRICKLAND,

                Petitioner,                    Case Number: 13-10350
                                                  Honorable Mark A. Goldsmith

v.

MARY BERGHUIS,

                Respondent.
                                          /

**OPINION & ORDER**
**(1) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING (Dkt. 10) AND**
**(2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Michigan prisoner Jerome Strickland ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in 2013. The petition challenges his convictions for first-degree home invasion, assault with intent to do great bodily harm less than murder, felon in possession of a firearm, felonious assault, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in Wayne County Circuit Court. On June 3, 2010, he was sentenced as a fourth habitual offender to 320 months to 60 years for home invasion, 2 to 20 years for assault with intent to do great bodily harm, 2 to 5 years for being a felon in possession, and 2 years for felony-firearm.

Petitioner's convictions and sentences were affirmed on direct appeal by the Michigan Court of Appeals. People v. Strickland, 810 N.W.2d 660 (Mich. Ct. App. 2011). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which the court denied. People v. Strickland, 807 N.W.2d 321 (Mich. 2012).

1

In 2013, Petitioner filed a habeas corpus petition. He sought habeas relief on the grounds that the trial court erred in denying his motion for a new attorney, insufficient evidence supported his convictions, and his convictions for assault with intent to do great bodily harm less than murder and felonious assault violate the Double Jeopardy Clause. Petitioner then moved to stay the proceedings so that he could exhaust additional claims in state court. On June 10, 2013, the Court granted Petitioner's motion to stay the proceedings and administratively closed the case (Dkt. 9). Petitioner has now filed a motion for equitable tolling of the limitations period. He seeks to have his habeas claims adjudicated on the merits and for the Court to excuse his failure to comply with the terms of the stay.

Petitioner's request to proceed with his habeas petition will be denied because he failed to comply with the terms of the stay and equitable considerations do not excuse the failure to comply. The Court conditioned the stay on Petitioner filing a motion for relief from judgment in state court within 60 days from the date of the stay order and moving to lift the stay in this Court within 60 days after the conclusion of the state court proceedings. See 6/10/13 Opinion & Order (Dkt. 9). Petitioner filed a motion for relief from judgment in state court within 60 days from the date of the stay order. The trial court denied the motion for relief from judgment on September 19, 2013. See People v. Strickland, No. 10-3257 (Wayne Co. Cir. Ct. Sept. 19, 2013). A review of the Michigan state court website shows that Petitioner has not sought leave to appeal the trial court's decision to the Michigan Court of Appeals or Michigan Supreme Court. See Walburn v. Lockheed Martin Corp., 431 F.3d 966, 972 n.5 (6th Cir. 2005) (courts may take judicial notice of proceedings in other courts). Petitioner waited over four years after the trial court denied his motion for relief from judgment to file the pending motion. Petitioner has not fully exhausted his claims in the state appellate courts and he failed to return to this Court within 60 days of conclusion of state court

2

collateral review proceedings.

Petitioner asks the Court to equitably toll the time limits imposed in the stay order. A petitioner seeking equitable tolling must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner's argument that he has been diligent in pursuing his rights is unpersuasive. Petitioner waited over four years to return to this Court following the trial court's denial of his motion for relief from judgment. He presents no evidence that he pursued his rights in any way either in state or federal court during that interval. Petitioner also argues that his failure to comply with the stay order should be excused because he has "great lack of constructive knowledge of the filing requirements" and was reasonable "in remaining ignorant of legal requirements for filing his claims." Pet'r Motion at 4, PageID.98 (Dkt. 10). The Sixth Circuit has "'repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling." Kwambana v. Jenkins, No. 17-3980, 2018 WL 1406697, *2 (6th Cir. Jan. 26, 2018) (quoting Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (additional internal quotation omitted)). This is particularly so here, where the Court explicitly defined the time limitations under which Petitioner was required to proceed. Petitioner fails to demonstrate that tolling of the time period is warranted.

Petitioner did not exhaust his state court remedies and has not returned to federal court within the time required. He failed to comply with the terms of the stay.

Accordingly, the Court denies Petitioner's Motion for Equitable Tolling (Dkt. 10) and denies the request to proceed on his habeas claims. In accordance with Sixth Circuit precedent, the Court vacates the stay as of the date it was entered, June 10, 2013, and dismisses the petition for a writ of habeas corpus. See Palmer v. Carlton, 276 F.3d 777, 780-782 (6th Cir. 2002) ("If the

conditions of the stay are not met, the stay may later be vacated <u>nunc pro tunc</u> as of the date the stay was entered, and the petition may be dismissed.") (internal quotation marks omitted). This case is now closed for all purposes.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-485 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability. The Court also denies Petitioner leave to proceed <u>in forma pauperis</u> on appeal as an appeal cannot be taken in good faith. <u>See</u> Fed. R. App. P. 24(a).

SO ORDERED.

Dated: July 16, 2018                         s/Mark A. Goldsmith
       Detroit, Michigan                      MARK A. GOLDSMITH
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2018.

                                     s/Karri Sandusky
                                      Case Manager